UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AARON ROSS, #377542,

    Petitioner,

v.                                            CASE NO. 2-22-CV-10960
                                              HON. SEAN F. COX

BECKY CARL,

    Respondent.
_____/

**ORDER GRANTING PETITIONER'S MOTION TO HOLD THE
HABEAS PETITION IN ABEYANCE [ECF No. 11], STAYING THE
PROCEEDINGS, AND ADMINISTRATIVELY CLOSING THE CASE**

    Michigan prisoner Aaron Ross ("Petitioner") has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner pleaded guilty to second-degree murder, assault with intent to commit murder, and possession of a firearm during the commission of a felony in the Eaton County Circuit Court and was sentenced to concurrent terms of 40 to 60 years imprisonment and a consecutive term of two years imprisonment in 2019.  In his petition, he raises claims concerning the voluntariness of his plea (he was misinformed about his sentence, the court abandoned the plea agreement, and the plea was illusory) and the effectiveness of counsel (misinforming him about the plea and failing to object when the court abandoned the plea agreement).  ECF No. 1.[1]  Respondent filed an answer to the petition contending that Petitioner failed to properly exhaust the ineffective assistance of counsel claim

---

[1] Petitioner may also be raising a claim of "sentencing entrapment."  If such is the case, this claim, like the ineffective assistance of counsel claim, appears not to have been properly exhausted in the state courts.  Respondent did not address the sentencing entrapment issue.

in the state courts because he did not raise it before the Michigan Court of Appeals and first raised it before the Michigan Supreme Court, and contending that the claims lack merit. ECF No. 9. In response, the Petitioner filed the instant motion to hold the habeas petition in abeyance so that he may return to the state courts and properly exhaust his unexhausted claim (or claims). ECF No. 11.

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising them in a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Federal law provides that a habeas petitioner is only entitled to relief if he or she can show that the state court adjudication of his or her claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d). The state courts must be given an opportunity to rule upon all of a petitioner's claims before those claims can be raised on federal habeas review. Otherwise, a federal court cannot apply the standard of review found at 28 U.S.C. § 2254.

The exhaustion requirement is met if a prisoner invokes one complete round of the state's established appellate review process. *O'Sullivan*, 526 U.S. at 845. To satisfy the exhaustion requirement, the claims must be "fairly presented" to the state courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims. *McMeans*, 228 F.3d at 681; *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be presented to the state courts as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). For a Michigan prisoner, each issue must be presented to both the

2

Michigan Court of Appeals and the Michigan Supreme Court. *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

The Michigan Rules of Court provide a process through which Petitioner may raise his unexhausted claims. He may file a motion for relief from judgment in the state trial court pursuant to Michigan Court Rule 6.500 *et seq*., and then appeal the trial court's decision to the state appellate courts as necessary. Any unexhausted claims should first be addressed to, and considered by, the Michigan courts.

A federal district court has discretion to stay a habeas petition to allow a petitioner to present unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court, the unexhausted claims are not "plainly meritless," and the petitioner has not engaged in intentionally dilatory tactics. *Id*. at 277.

In this case, Petitioner shows the need for a stay. He has not properly exhausted his ineffective assistance of counsel claim (or any sentencing entrapment claim) in the state courts. The one-year limitations period applicable to federal habeas actions, 28 U.S.C. § 2244(d)(1), could pose a problem if the Court were to dismiss this case to allow for further exhaustion of state remedies.[2] While Petitioner does not address the issue of "good cause," his claims do not

---

[2] It appears that Petitioner only has about three months of the one-year period remaining if the Court were to equitably toll the time in which his habeas case has been pending in federal court.

3

appear to be plainly meritless and there is no evidence of intentional delay. Additionally, Respondent has already filed an answer and the state court record. Consequently, the Court shall stay the proceedings and hold the exhausted claims in abeyance pending Petitioner's pursuit of state court remedies as to any unexhausted claims. The Court make no determination as to the procedural or substantive merits of any claims.

Accordingly, the Court **GRANTS** Petitioner's motion to hold the habeas petition in abeyance. These proceedings are stayed. The stay is conditioned on Petitioner filing a motion for relief from judgment with the state trial court within 60 days of the filing date of this order, completing his state court remedies, and then returning to this Court to proceed on an amended habeas petition containing all of his claims by filing a motion to reopen, using the same caption and case number, within 60 days of the conclusion of his state court proceedings. *See Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002) (discussing procedure); *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (adopting approach taken in *Zarvela v. Artuz*, 254 F.3d 374, 381 (2d Cir. 2001)). Should Petitioner fail to comply with these conditions, the case may be dismissed. Lastly, this case is closed for administrative purposes pending compliance with these conditions.

**IT IS SO ORDERED**.

                                          s/Sean F. Cox
                                          Sean F. Cox
                                          United States District Judge

Dated: January 17, 2023

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 17, 2023, by electronic and/or ordinary mail.

                                          s/J. McCoy
                                          Case Manager